UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

| | |
|---|---|
| **FREDDY LEONIDAS TIGRE CORTE,** | |
| *Petitioner,* | Case No. 25-CV-809 |
| v. | |
| **JOSEPH FREDEN,** in his official capacity as Field Office Director; Buffalo Field Office, U.S. Immigration and Customs Enforcement; | **PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |
| **STEVEN KURZDORFER,** In his official capacity as Field Office Director, Buffalo Field Office, U.S. Immigration and Customs Enforcement; | |
| **TODD LYONS**, In his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; | **ORAL ARGUMENT REQUESTED** |
| **KRISTI NOEM,** In her official capacity as Secretary of Homeland Security, | |
| *Respondents.* | |

## INTRODUCTION

1. Petitioner Freddy Leonidas Tigre Corte ("Mr. Tigre") is an Ecuadoran citizen who has been detained by ICE at the Buffalo Federal Detention Facility since on or about July 15, 2025. He has no criminal record. He entered the United States in 2014 without inspection and has been in the country since then. He requested a custody redetermination and on August 25, 2025, Immigration Judge Dorothy Harbeck held a hearing on the matter. She found that Mr.

1

Tigre is neither a flight risk nor a danger to the community, but refused to exercise jurisdiction over Petitioner's custody redetermination. Her reason is based upon a flawed legal argument by ICE that undercuts longstanding precedent and practice, in the service of the Trump administration's cruel and violent crusade against immigrants.

2. Petitioner asks this Court to find that his continued detention without an individualized bond determination is unconstitutional, in violation of statutory law, and unreasonable -- and, based upon the Immigration Judge's findings that he is neither a danger to the community nor a flight risk -- order his immediate release from ICE custody.

## JURISDICTION

3. Petitioner is detained in civil immigration custody at the Buffalo Federal Detention Facility in Batavia, NY. He has been detained since on or about July 15, 2025. He was denied an individualized bond redetermination before an immigration judge (IJ) despite the same IJ finding that he is neither a flight risk nor a danger to the community.

4. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I § 9, cl. 2 of the United States Constitution (Suspension Clause). This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

6. Venue is proper because Petitioner is detained at the Buffalo Federal Detention

Facility in Batavia, New York, and the Field Office Director in charge of his detention is in Buffalo, New York, which is within the jurisdiction of this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e), because Respondents are officers, employees, or agencies of the United States, a substantial part of the events or omissions giving rise to her claims occurred in this district, and no real property is involved in this action.

## PARTIES

8. Petitioner, Freddy Leonidas Tigre Corte, is a citizen of Ecuador who has lived in the United States since 2014, after having entered the country without inspection, and who was detained by ICE at the Buffalo Federal Detention Facility and was subsequently denied an individualized bond redetermination on jurisdictional grounds based upon a flawed interpretation of the law.

9. Respondent Joseph Freden is a Buffalo, NY Field Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement. He is a local ICE official who has authority over the Petitioner. See *Vasquez v. Reno*, 233 F,3d 688, 690 (lst Cir. 2000), cert. denied, 122 S. Ct. 43 (2001). Respondent Freden's office is at 250 Delaware Avenue, Floor 7, Buffalo, NY 14202 and/or at the Buffalo Federal Detention Facility, 4250 Federal Drive, Batavia, NY 14020.

10. Respondent Steven Kurzdorfer is a Buffalo, NY Field Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement. He is a local ICE official who has authority over the Petitioner. See *Vasquez v. Reno*, 233 F,3d 688, 690 (lst Cir. 2000), cert. denied, 122 S. Ct. 43 (2001). Respondent Kurzdorfer's office is at 250

Delaware Avenue, Floor 7, Buffalo, NY 14202 and/or at the Buffalo Federal Detention Facility, 4250 Federal Drive, Batavia, NY 14020.

    11.    Respondent Todd Lyons is the Acting Director of U.S. Immigration and Customs Enforcement ("ICE"). In this capacity, Respondent Lyons is responsible for overseeing ICE, the component agency responsible for Petitioner's detention.

    12.    Respondent Kristi Noem is sued in her official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the INA, and oversees ICE, the component agency responsible for Petitioner's detention. Respondent Noem is empowered to carry out any administrative order against Petitioner and is a legal custodian of Petitioner.

## STATEMENT OF FACTS

13. Petitioner has been detained by ICE at the Buffalo Federal Detention Facility since July 15, 2025, and the Immigration Judge Dorothy Harbeck denied his request for an individualized bond determination, despite finding that he is neither a danger to the community nor a flight risk, because he is purportedly an "applicant for admission under INA 235(a)" and "[a]s such, under INA 235(b)(2)(A), he shall be detained pending proceeding."

14. On July 8, 2025, Immigration and Customs Enforcement (ICE) issued a directive to its attorneys outlining the agency's new legal position on the detention of people who are physically in the United States but have not been legally admitted. The memo says nearly all these individuals, no matter how long they have been in the country, are subject to mandatory detention pursuant to Immigration and Nationality Act (INA) § 235 (8 U.S.C.

4

§ 1225). This change contradicts the Department of Homeland Security (DHS) and the immigration court's longstanding legal interpretation of the INA.

15. ICE's new position rests on an incorrect legal interpretation that INA § 235 (8 U.S.C. § 1225) governs the detention of people who have not been legally admitted and mandates their detention (with the limited exception that ICE retains the authority to parole someone from custody pursuant to INA § 212(d)(5)). Until now, immigration courts and the Department of Homeland Security had long interpreted INA § 236 (8 U.S.C. § 1226) as governing this population's detention status. Moreover, by asserting that INA § 235 (8 U.S.C. § 1225) governs this population, ICE strips the immigration courts of jurisdiction to review their custody status.

16. In April, a federal court in Washington State ruled on this issue and granted a preliminary injunction against the government, concluding that INA § 236 (8 U.S.C. § 1226) is the default and appropriate statute governing the detention status of people who have not been legally admitted. See *Ramon Rodriguez Vazquez, v. Drew Bostock*, et al., 3:25-cv-05240 (W.D. Wash.) (Order Granting Preliminary Injunction). Available at: https://nwirp.org/our-work/impact-litigation/assets/vazquez/29grantingPI.pdf

17. The court held that the plaintiff, Mr. Rodriguez, a long-term resident arrested inside the United States, was subject to INA § 236(a) (8 U.S.C. § 1226(a)), not mandatory detention under INA § 235 (8 U.S.C. § 1225). The court found that interpreting INA § 235 (8 U.S.C. § 1225) to cover people who had not been legally admitted would render key portions of INA § 236(c) (8 U.S.C. § 1226(c)) "superfluous" and thereby violate a basic principle of statutory interpretation that requires consideration of the overall statutory scheme.

18. The court's order begins by finding that the plain language of INA § 236 (8 U.S.C. § 1226) applies to someone who "is present without being admitted" and is the "default" statutory provision governing detention and bond procedures for that population. *Id.* at pg. 23. It also concluded that the statute's legislative history" and "longstanding agency practice indicate that he is governed under [INA § 236(a)]'s 'default' rule for discretionary detention." *Id.* at pg. 32. When Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, it clarified that INA § 236(a) governs arrest, detention, and bond for "non-criminal" noncitizens, including entrants without inspection apprehended inside the U.S. In 1997, implementing regulations explicitly stated that "[n]oncitizens who entered without inspection... will be eligible for bond and bond redetermination." 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997).

19. The court also found that Congress's recent enactment of the Laken Riley Act (LRA) further supports its decision. The LRA added mandatory detention for entrants without inspection who have been arrested for, charged with, or convicted of certain crimes. The LRA's changes would be unnecessary if entrants without inspection were already mandatorily detained under INA § 235(b)(2)(A), thus reinforcing that INA § 236(a) is the default authority for people who do not have criminal history covered by the LRA.

20. Based on this analysis the federal court in *Rodriguez v. Bostock* concluded that "the text of [INA § 236], canons of interpretation, legislative history, and longstanding agency practice indicate that" an individual who is not legally admitted "is governed under INA § 236(a)'s "'default' rule for discretionary detention." Importantly, the court concluded that the plaintiff was "likely to succeed on the merits that he is unlawfully detained under INA § 235(b)(2)'s mandatory detention provision."

21. The federal regulations implementing INA § 236 (8 U.S.C. § 1226) state that custody and bond determinations made by ICE may be reviewed by an Immigration Judge. 8 C.F.R. §§ 1236.1(d)(1). The law specifies that a detainee who objects to ICE's initial detention determination may request release from an immigration judge, and the judge is authorized to continue detention, order release or release on a bond. The federal court in *Rodriguez v. Bostock* recognized INA § 236 (8 U.S.C. § 1226) "includes the right to a bond hearing before an immigration judge" and ordered that the plaintiff, a longtime resident who had not been legally admitted, be provided a bond hearing.

22. Despite arguing that Section 235(a) does not govern Petitioner's detention nor does it strip the Immigration Judge of jurisdiction to issue a bond redetermination, and despite pointing out that decades of practice support his position, Petitioner remains in custody, even though he is neither a flight risk nor a danger to the community.

## **LEGAL FRAMEWORK**

23. Pursuant to 28 U.S.C. § 2243, the Court either must grant the instant petition for writ of habeas corpus or issue an order to show cause to Respondents, unless Petitioner is not entitled to relief. If the Court issues an order to show cause, Respondents must file a response "within *three days* unless for good cause additional time, *not exceeding twenty days*, is allowed." 28 U.S.C. § 2243 (emphasis added).

24. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). "Freedom from imprisonment—from

government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

25. This fundamental due process protection applies to all noncitizens, including both removable and inadmissible noncitizens. *See id.* at 721 (Kennedy, J., dissenting) ("[B]oth removable and inadmissible [noncitizens] are entitled to be free from detention that is arbitrary or capricious."). It also protects noncitizens who have been ordered removed from the United States and who face continuing detention. *Id.* at 690.

26. The Court's ruling in *Zadvydas* is rooted in due process's requirement that there be "adequate procedural protections" to ensure that the government's asserted justification for a noncitizen's physical confinement "outweighs the 'individual's constitutionally protected interest in avoiding physical restraint.'" *Id*. at 690 (quoting *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)). In the immigration context, the Supreme Court only recognizes two purposes for civil detention: preventing flight and mitigating the risks of danger to the community. *Zadvydas*, 533 U.S. at 690; *Demore*, 538 U.S. at 528. The government may not detain a noncitizen based on any other justification.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

27. Petitioner re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

28. The Due Process Clause of the Fifth Amendment forbids the government from depriving any "person" of liberty "without due process of law." U.S. Const. amend. V.

8

29. Petitioner has been detained by Respondents since July 15, 2025.

30. Petitioner is entitled to an individualized bond determination, and appears to have received part of that – specifically, a finding that he is neither a danger nor a flight risk – but has been denied due process by the Immigration Judge's refusal to accept jurisdiction, despite the absurd nature of ICE's legal argument that flies in the face of longstanding, established precedent.

31. For these reasons, Petitioner's ongoing detention violates the Due Process Clause of the Fifth Amendment.

## COUNT TWO
### Violation of 8 U.S.C. § 1226(a)

32. Petitioner re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

33. The Immigration and Nationality Act at 8 U.S.C. § 1226(a) authorizes the release of noncitizens on "bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General," thereby creating a right to a bond redetermination hearing, which is being denied to Petitioner.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Declare that Petitioner's ongoing detention violates the Due Process Clause of the Fifth Amendment and 8 U.S.C. § 1226(a);

(3) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately;

(4)  Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

(5)  Grant any further relief this Court deems just and proper.

Dated: September 3, 2025

Respectfully submitted,

/s/ Matthew K. Borowski
_____

Matthew K. Borowski
*Attorney for Petitioner*
4343 Union Road, Buffalo NY 14225
E-mail: matthew@borowskilaw.com
Tel: 716-330-1503

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Freddy Leonidas Tigre Corte

## DEFENDANTS
Joseph Freden, Steven Kurzdorfer, Todd Lyons, Kristi Noem

**(b)** County of Residence of First Listed Plaintiff: **Genesee**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Erie**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Matthew Borowski, Borowski Witmer Immigration Lawyers, 4343 Union Rd, Buffalo, NY 14225

Attorneys (If Known)
USAO, Buffalo, NY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☒ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 2241

Brief description of cause:
Habeas Corpus Petition for Non-Citizen Detainee

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ___ DOCKET NUMBER ___

DATE: 09/03/2025
SIGNATURE OF ATTORNEY OF RECORD: /s/ Matthew Borowski

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.     Example:     U.S. Civil Statute: <u>47 USC 553</u>
                                                          Brief Description: <u>Unauthorized reception of cable service</u>

**VII.**     **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.